UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS MAYFIELD,

    Plaintiff,

v.

CASE NO. 2:19-CV-13467
HON. GEORGE CARAM STEEH

CLARE CO. JAIL,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. The plaintiff, Cornelius Mayfield, a federal prisoner currently confined in another state, sues the Clare County Jail in Clare, Michigan alleging that he was given the wrong medications on two occasions while held at the jail and that he had metal on his body when given an MRI at a local medical facility in February, 2018. He alleges a violation of his Eighth and Fourteenth Amendment rights and seeks injunctive relief and monetary damages.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The

purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. Davidson v. Cannon, 474

U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986).

The plaintiff's complaint against the Clare County Jail, the only named defendant in this action, must be dismissed. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. See Edward v. Jail, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co., No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); see also Boykin v. Van Buren Twp., 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983). The plaintiff's complaint against the Clare County Jail must therefore be dismissed.

### III. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails

state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.[1] The Court further concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: January 6, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2020, by electronic and/or ordinary mail and also on Cornelius Mayfield #55961-039, Beckley Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 350, Beaver, WV 25813.

s/Brianna Sauve
Deputy Clerk

---

[1] The Court notes that the plaintiff has a similar previously-filed complaint pending against the Clare County jail and medical staff, which names at least two jail employees as defendants, which is currently pending before another judge in this district. See Case No. 2:19-CV-12868. This dismissal is without prejudice to that case.